NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| LUIS R. MORALES, | : |
| Petitioner, | : Civil Action No. 12-6063 (WHW) |
| v. | : |
| UNITED STATES OF AMERICA, | : |
| Respondent. | : **OPINION** |

**Walls**, Senior District Judge:

This matter comes before the Court upon Petitioner's amended § 2255 motion, see ECF No. 8 ("Petition") and Respondent's answer. See ECF No. 10. For the reasons detailed below, the Petition will be denied, and no certificate of appealability ("COA") will issue.

Petitioner, a federal inmate with prior criminal history, see USA v. Morales ("Morales-Penal"), Crim. Action No. 10-0367 (WHW) (D.N.J.), ECF No. 71, was sentenced to a seventy-month term after pleading guilty to a conspiracy to obstruct commerce by an armed robbery of a certain warehouse. See Morales-Penal, ECF Nos. 1, 62, 65, 66 and 71. His application to plead guilty and his plea agreement included: (a) a broad waiver of direct appellate and collateral attack rights; (b) a discussion of the appropriate offense level; (c) a bar on applications for upward or downward departures; and (d) a detailed verification of his understanding of the terms of his plea and his satisfaction with the assistance provided by his counsel. See Instant Matter, ECF Nos. 10-1 and 10-2.

Reflecting on that argument, the Government's position, all documents provided for this Court's review and Petitioner's own statement to this Court, this Court imposed the seventy-month sentence currently under attack and reminded Petitioner about the broad scope of his waiver. See id. at 4-14 (Petitioner apologized to his son, grandparents and entire family and promised that "this will never, ever happen again" because he intended to "be a good person in society and live [his] life the right way"; he also stressed that he was "sincerely remorseful for [his] actions that took place on that day" and did not "know what came over [him on] that day"). That was on September 14, 2011. See id.

A year later he commenced the § 2255 proceeding at bar. See ECF No. 1. His initial claim was that his counsel violated his Sixth Amendment rights by electing not to argue that his criminal history level should have been lower. See id., at 4. Informed of his rights under United States v. Miller, 197 F.3d 644 (3d Cir. 1999), see ECF No. 5, he withdrew that claim and, instead, asserted that his counsel violated his rights by not seeking downward departure on the basis of Petitioner's "rehabilitation efforts during [the pre-sentencing period of] home confinement." ECF Nos. 8 and 8-1. This Court directed Respondent to answer Petitioner's downward departure claim, see ECF No. 9, and Respondent complied arguing that Petitioner's motion was barred by his waiver and, in addition, meritless.[1] See ECF No. 10. Invited to traverse, see ECF No. 11, Petitioner elected not to take advantage of that opportunity. See generally, Docket.

Respondent's position is procedurally and substantively correct.

Because this Court writes solely for the parties, and Petitioner was already served with and is familiar with the well-detailed argument made in Respondent's answer, a recital of the same would be unwarranted. Suffices to state that the case at bar is

---

[1] The Court notes both thoroughness and thoughtfulness of Respondent's answer.

trial counsel was ineffective for failing to request a downward departure. [That] argument does not withstand scrutiny under Strickland. . . . [T]rial counsel's performance was not deficient because [the] plea agreement precluded trial counsel from arguing for a downward departure. . . . In [his] plea agreement [the petitioner] also waived the right to file any . . . collateral attack which challenged the District Court's authority to sentence in accordance with the U.S. Sentencing Guidelines. . . . [For this reason,] we conclude that [the petitioner's] plea was knowing and voluntary and [barred his Section 2255 attack altogether and, in addition, the] trial counsel's performance was not deficient.

Id. at 455.

As the Court of Appeals in Hidalgo, this Court finds that Petitioner's downward departure challenge is barred by his plea and, in addition, Petitioner failed to meet the first prong of Strickland because his "plea agreement precluded trial counsel from arguing for a downward departure." Id.[2] For these reasons, the Petition will be denied.

The Court must now determine whether a COA should issue. Because this Court may issue a COA only if Petitioner "has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and Petitioner failed to demonstrate that jurists of reason could disagree with this Court's findings, this Court declines to issue a COA. See Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

An appropriate Order follows.

_____
William H. Walls
United States Senior District Judge

Dated: 11 March 2015

---

[2] Respondent invested a substantial effort into discussing why Petitioner also failed to meet the second prong of Strickland. That issue need not be reached. See United States v. Lilly, 536 F.3d 190, 196 (3d Cir. 2008); accord United States v. Orocio, 645 F.3d 630, 638 (3d Cir. 2011).

5